**HINKLE ELKOURI LAW FIRM L.L.C.**
2000 Epic Center
301 North Main
Wichita, Kansas  67202
(316) 267-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| BERTHA ROHLMAN,<br><br>                Plaintiff,<br><br>v.<br><br>VETTER HEALTH SERVICES, INC., A NEBRASKA CORPORATION AND GUIDEONE MUTUAL INSURANCE COMPANY, A FOREIGN IOWA CORPORATION,<br><br>                Defendants. | Case No. 07-1236-JTM |

## AGREED PROTECTIVE ORDER

Came on for consideration the Agreed Protective Order ("Order") between plaintiff, Bertha Rohlman, ("Rohlman") and defendants, Vetter Health Services, Inc. ("Vetter"), and GuideOne Mutual Insurance Company ("GuideOne") (Rohlman, Vetter and GuideOne are collectively referred to herein as the "Parties").  The Court finds that certain information, documents, and things to be produced in discovery in this litigation should be kept confidential in order to protect the Parties' legitimate business interests and privacy rights, and those of third-parties and the Court is therefore of the opinion that the following Order should be entered:

NOW, THEREFORE, IT IS HEREBY ORDERED that all Confidential Material shall be treated as follows:

1

1.      "Good cause" is shown for the need of this Order in that the subject-matter of this litigation involves the gathering, production, citation to, and use generally of protected health information, as that term is used in HIPAA of 1996.  In order to protect the privacy of the plaintiffs, and plaintiffs' decedent, such information ought to be protected from potentially unwarranted re-disclosure.  In addition, it is anticipated that there is at least the possibility that propriety documents, used exclusively by one or both of the defendants in the everyday operation of their business, are likely to be requested by plaintiff in document discovery requests.  Such documents may include policy and procedure manuals, training or instruction material, personnel records of defendants' employees and similar proprietary or personal information as to which disclosure may be harmful to defendants' competitive position, may be made available for use by a competitor, or otherwise unduly infringe on defendants' employees privacy.  To protect this information, this Order is required.

2.      As used in this Order, "Confidential Material" shall mean any and all documents which are designated and clearly marked as confidential and subject to a protective order by a producing party.  The Parties shall limit their designation to materials which constitute or contain a trade secret or other confidential business documents or information, including, but not limited to, financial and pricing information of a Party, or which constitute or contain information of a private nature concerning an individual, including, but not limited to, Parties or non-parties subject to discovery requests.

3.      As used in this Order, "document" shall mean and include any "writing" or "recording" including, but not limited to, reproductions of original writings, interrogatory answers, responses to requests for admission, responses to requests for production of documents, and

deposition and court testimony.

4. All Confidential Material derived from discovery, including any notes or records regarding the contents of such information, may be disclosed only to the following persons:

    (a) The Court, judicial officials, and court personnel pursuant to paragraph 10 of this Order;

    (b) Counsel for the respective Parties to this litigation;

    (c) Employees for those attorneys assigned to assist in the preparation of this litigation;

    (d) Independent experts, consultants, accountants, translators, and others who are not employees of any Party to this action who have been retained specifically to perform work for attorneys in connection with the prosecution or defense of this litigation;

    (e) Persons whose names appear on those documents as authors or recipients thereof;

    (f) The Parties;

    (g) Any other person designated by the Court after appropriate motion and hearing or agreed to by the Parties in writing.

Only so much of the Confidential Material shall be disclosed to persons referred to in paragraphs 4(c), 4(d), or 4(e) as in the sound discretion of counsel for the Parties of record is reasonably necessary to the performance of such person's function relating to this litigation.

5. Under no circumstances, other than those specifically provided for in this Order or a subsequent Court Order, shall any party receiving material designated as Confidential Material voluntarily disclose it to any persons other than the persons identified in paragraph 4 above.

6. Nothing in this Order shall be interpreted as limiting a Party's obligations to produce documents, materials, or information in discovery, nor shall this Order be interpreted as limiting a Party's right to refer to or to use Confidential Material for any legally relevant reason at any

deposition, hearing, or in any oral or written submission to the Court subject to the provisions in paragraph 10 below.

7. This Order is intended to permit, without dispute, the production of information, and is without prejudice to the rights of any person or Party to apply to the Court for any further order or protection that it deems necessary or to object on any appropriate grounds to any discovery requests.

8. After conferring with the appropriate opposing counsel concerning any disagreement any Party contesting the designation of documents or information as Confidential Material may apply to the Court for an order specifically removing the designated Confidential Material from the protection of this Order, or for some other Order limiting or expanding this Order.

9. The Confidential Material and the information contained therein or derived therefrom may be disclosed and discussed with the persons identified in paragraph 4 only on the condition that prior to disclosing the Confidential Material to any person, counsel shall:

    (1) Apprise that person of the confidential nature of the documents;

    (2) Apprise that person that this Court, pursuant to this Order, has enjoined the use of such documents or their contents by such person for any purpose other than this litigation, and has enjoined the disclosure of such documents or their contents to third parties; and

    (3) With respect to persons described in paragraph 4(d), give that person a copy of this Order to read. Those persons described in paragraph 4(d) are required to comply with the terms of this Order, including the provisions for the destruction or return of any Confidential Material once this matter is

resolved.

10. Before counsel for any of the Parties files with or submit to this Court any Confidential Material, or information contained therein or derived therefrom, by way of pleadings, motions, oral presentation, briefs, or any other papers containing or attaching such materials or information, permission must be granted by the Court and the Court will take such steps as are reasonably necessary to protect such Confidential Material.

11. The provisions of this Order, insofar as they restrict the disclosure and use of Confidential Material, shall have a continuing effect after the conclusion of this action. If any party has cause to believe that a violation of this Order has occurred or is about to occur, the party may petition this Court to re-open the case or petition any other proper court for appropriate relief.

12. Nothing contained in this Order shall preclude any party from using its own documents in any manner it sees fit, or from revealing its own documents to whomsoever it chooses, without the prior consent of any other Party or the Court. Nothing in this Protective Order shall be construed as a judicial finding that any designated Confidential Material constitutes or contains proprietary or confidential information or trade secrets.

13. The Parties understand and agree that this Order shall not in any way constitute a waiver of the rights of any Party to raise or assert any objections, including, but not limited to, defenses or objections with respect to the production, use, relevance, or admissibility at trial of any evidence, whether or not constituting Confidential Material furnished pursuant to this Order.

14. At the conclusion of this litigation, within five days of receiving a notice for return from the producing party, all Confidential Material and copies thereof in the possession, custody, or control of any Party or its attorney shall be returned to the Party producing the same or destroyed,

with counsel of the respective Parties providing written confirmation to opposing counsel that the requirements of this paragraph have been met. Notes, memoranda, briefs, and summaries prepared by counsel are excluded form the provisions of this paragraph, but only so long as they are maintained in the possession, custody, or control of that counsel and are withheld from all other persons following the conclusion of this case.

15. This Order may be modified in writing in the event that the Parties agree to such modification, or if such modification is ordered by the Court.

16. In the event that a Party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order in writing to all Parties to this action with respect to any Confidential Material to be provided to the requesting party by the non-party.

SIGNED this 20th day of November, 2007.

   s/   DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE

APPROVED BY:

PISTOTNIK LAW OFFICES
2831 East Central
Wichita, Kansas  67214


By   /s/ Stephen L. Brave
   Bradley A. Pistotnik, #10626
   Stephen L. Brave, #20025
   **Attorneys for Plaintiff**

WALLACE, SAUNDERS, AUSTIN,
 BROWN & ENOCHS, CHTD.
200 West Douglas, Suite 400
Wichita, Kansas  67202


By    /s/ Timothy J. Finnerty
   Timothy J. Finnerty, #10946
   **Attorney for Defendant**
   **GuideOne Insurance Company**

HINKLE ELKOURI LAW FIRM L.L.C.
301 North Main, Suite 2000
Wichita, Kansas  67202


By     /s/Brian L. White
   Gregory S. Young, #17139
   Brian L. White, #20767
   **Attorneys for Defendant**
   **Vetter Health Services, Inc.**