# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BERTHA ROHLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-1236-JTM |
| ) | |
| VETTER HEALTH SERVICES, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Compel Plaintiff to Sign the Authorization for Release of Medicaid and Medicare Information (Doc. 18) filed by Defendant Vetter Health Services, Inc. (hereinafter "Vetter"). Plaintiff has responded in opposition (Doc. 19) and Defendant has replied (Doc. 21). Having reviewed the submissions of the parties, as well as the exhibits and authority cited therein, the Court is prepared to rule on Defendant Vetter's motion.

## BACKGROUND

Plaintiff Bertha Rohlman, who has passed away since the filing of this lawsuit[1], was a patient at the Terrace Garden Care Center in Garden City, Kansas,

---

[1] *See* Doc. 16.  Plaintiff's Complaint was amended on November 27, 2007, making Catherine Adams, the Special Administrator of her Estate, a named Plaintiff.  (Doc. 25.)

which is operated by Defendant Vetter. (Doc. 1, at ¶¶ 6-7.) She filed her Complaint on August 15, 2007, alleging personal injury occurring on or about February 2, 2007, while she was a passenger in a vehicle driven by one of Terrace Garden's employees. (*See generally*, *id*.) Plaintiff brings claims for Negligence, Fraud, a violation of the Kansas Consumer Protection Act, and an uninsured motorist claim relating to another vehicle. She also seeks punitive damages.

Among other things, Defendants deny the nature and extent of Plaintiff's injuries. (Doc. 8, ¶ 52; Doc. 10, ¶ 8.) Defendant Vetter brings the present motion seeking an Order compelling the execution of an authorization for the release of Plaintiff's Medicaid and Medicare information. (Doc. 18.)

## DISCUSSION

**A.    Scope of Discovery and Burden on a Motion to Compel.**

In ruling on this motion, the Court has "broad discretion regarding its control of discovery," which is abused only "when a denial of discovery precludes a fair trial." **Gaines v. Ski Apache,** 8 F.3d 726, 730 (10th Cir. 1993). Fed.R.Civ.P. 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." The Rule also permits the Court to order discovery into any matter relevant to the "subject matter involved in the action" for "good cause." Fed.R.Civ.P. 26(b)(1). Therefore, the Federal Rules broadly define the

scope of discovery.

The particular documents sought must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); ***Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").

Defendant Vetter requests the Court to compel Plaintiff's representative to execute an authorization for the release of documents "relating to Medicare payments, including any potential lien amount, made on behalf of Ms. Rohlman." (Doc. 18-2, at 4.) Vetter argues that the information is relevant, and thus discoverable, for the following reasons. First, Vetter contends that the amount of the lien is "obviously important in evaluating the ultimate settlement value of a

claim" and that any lien will need to be satisfied. (*Id.*) Second, Vetter argues the information "will assist in evaluating the nature and extent of Ms. Rohlman's injuries and damages" by potentially identifying additional medical care providers as well as "the type of medical treatment [she] received both prior to and after the alleged incident." (*Id.*) The information could also assist Vetter in identifying any potential pre-existing conditions. (*Id.*)

Vetter next argues that "the amount actually paid by Medicare is relevant to the amount plaintiff can ultimately claim as damages in this case." (*Id.*, at 5.) Finally, Vetter argues that Plaintiff has no basis to object that the request is "overly burdensome or harassing" when all that is requested is a signature on an authorization so that Defendant may compile the documents itself. (*Id.*, at 6.)

Plaintiff argues that the documents sought by Defendant constitute "irrelevant, inadmissible information that is not reasonably calculated to lead to the discovery of admissible evidence." (Doc. 19, at 1.) For instance, Plaintiff contends that the payments at issue constitute a "collateral source" that is inadmissible at trial. (*Id.*, at 2-3.) Even assuming this to be true, however, that does not make the documents undiscoverable. As stated previously, relevancy is broadly construed in the discovery phase. Under this lenient standard, the Court believes that it is quite possible that the documents at issue could provide

4

Defendant with information relating to Plaintiff's medical condition and treatment, both before and after the accident at issue, and therefore the information sought is relevant for discovery purposes.

Plaintiff also contends that "Defendant's Motion is not premised on any valid Rule of Civil Procedure . . ." (*Id*., at 1.) According to Plaintiff, there is "no legal basis" for Defendant's Motion because "there is no requirement that a plaintiff voluntarily sign an authorization . . ." (*Id*., at 2.) Plaintiff continues that the discovery of documents pursuant to Fed.R.Civ.P. 34 "is limited in scope to those documents that are in the 'possession, custody or control of the party upon whom the request is served . . ."

Contrary to Plaintiff's argument, courts in this District have acknowledged that

> '[A] party need not have actual possession of documents to be deemed in control of them. **A party that has a legal right to obtain certain documents is deemed to have control of the documents**.' But '[t]he relationship between the party and the person or entity having actual possession of the document is central in each case.

*E.E.O.C. v. Thorman & Wright Corp*., 243 F.R.D. 426, 429 (D.Kan. 2007) (quoting *DirecTV, Inc. v. Hess*, No. 04-2233, 2005 WL 375668, *1 (D.Kan. Feb. 9, 2005) (emphasis added)). Plaintiff's counsel does not dispute that they have the legal right to obtain the documents at issue. The issue, therefore, is whether the

5

relationship between Plaintiff and Medicare/Medicaid is sufficient to constitute "actual possession."

Federal courts across the United States have "routinely direct[ed] plaintiffs to provide authorizations so that defense counsel may obtain pertinent records directly from health care providers." *Mirtes v. Norfolk Southern Ry.*, No. 3:05CV7216, 2005 WL 3527292 (N.D. Ohio December 22, 2005) (citing *Wyatt v. City of Richland Police Dept.*, No. CV-05-5013-EFS, 2005 WL 3118123, *2 (E.D.Wash. Nov. 22, 2005); *Brown v. Eli Lilly and Co.*, 131 F.R.D. 176, 178 (D.Neb.1988); *Lammers v. Conrad*, 601 F.Supp. 1543, 1548 (E.D.Wis.1985). *See also Thai v. Miller Truck Lines, Inc.*, No. CIVA 05-1958, 2006 WL 2349605, at *1 (W.D.La. Aug. 11, 2006) (citing *Johnson v. Coca-Cola Enterprises, Inc.*, No. 3:05-1479, 2006 WL 1308152 (W.D.La. May 9, 2006); *Mirtes*, 2005 WL 3527292)). In the Court's opinion, Plaintiff's Medicare and Medicaid records are sufficiently similar to records from her health care providers such that she should be considered to be in "possession, custody or control" of the documents at issue.[2]

Finally, the Court will address Vetter's comment that it could seek a

---

[2] The Court does agree with Plaintiff's statement that if Defendant believed the documents to be in Plaintiff's possession, custody or control, it could have – and probably should have – sought production of the documents directly from Plaintiff by a document request served under Fed. R. Civ. P. 34. Instead, it simply sought, on an informal basis, to reach the same result by having Plaintiff execute a release to obtain the documents.

business records subpoena for the documents at issue. Courts in this District have previously ruled that the failure to seek a subpoena prior to filing a motion should result in a denial of a motion to compel. In ***E.E.O.C. v. Thorman & Wright Corp.***, the defendants moved to compel the plaintiff, their former employee, to execute an employment records authorization to allow them access to plaintiff's records with her subsequent employer. 243 F.R.D. 426, (D.Kan. 2007). In that case, the Magistrate Judge Waxse stated:

> The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders.

243 F.R.D. 426, 429 (D. Kan. 2007)

This Court agrees with the analysis and procedure stated by Judge Waxse. In the present matter, however, based on the arguments made in Plaintiff's response to Defendant's motion, the Court anticipates Plaintiff will object to a business records subpoena seeking these records from Medicare or Medicaid. If so, "the issues raised in defendant's motion and plaintiff's response will again be

before the Court." (Doc. 21.) As such, the Court is somewhat inclined to agree with Defendant that the issue presented in Defendant's Motion to Compel is ripe. Clearly, the mandate of Fed.R.Civ.P. 1 for "just, speedy, and inexpensive determination of every action" would suggest that the issue be decided at this time.

However, the Court acknowledges that this situation is somewhat unusual in that it is not Plaintiff who would be compelled to sign the authorization, but rather the Special Administrator of her Estate. The Court can envision procedural problems with the use of an authorization where the authorization would not be signed by the individual, but by the special representative of the estate. This could lead to demands for certified copies of letters of administration or other indicia of authority to act. Such issues could well cause other delays in obtaining the requested information. Under these circumstances, the Court will therefore **DENY** Defendant's motion and direct them to file the necessary business records subpoena to obtain this information directly from Medicare and Medicaid officials.

The Court notes, however, that to the extent Plaintiff's counsel anticipates objecting to a records subpoena served on Medicare or Medicaid officials, the Court strongly encourages counsel to study the analysis contained in this Order for an indication of the Court's position on whether the documents at issue are relevant

and should be produced.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiff to Sign the Authorization for Release of Medicaid and Medicare Information (Doc. 18-2) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 26th day of December, 2007.

    s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE