IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| CATHERINE ADAMS, AS THE SPECIAL ADMINISTRATOR OF THE ESTATE OF BERTHA M. ROHLMAN, AND CATHERINE ADAMS FOR AND ON BEHALF OF ALL OF THE SURVIVING HEIRS OF BERTHA M. ROHLMAN, DECEASED,<br><br>     Plaintiffs,<br><br>v.<br><br>VETTER HEALTH SERVICES, INC., A NEBRASKA CORPORATION AND GUIDEONE MUTUAL INSURANCE COMPANY, A FOREIGN IOWA CORPORATION,<br><br>     Defendants. | Case No. 07-1236-DWB |

**AGREED ORDER APPROVING SETTLEMENT,
PAYMENT OF FEES AND COSTS, AND
APPORTIONMENT OF SETTLEMENT**

NOW on this 29th day of February, 2008, this matter comes before the Court on the parties Plaintiffs' Motion for Approval and Apportionment of Settlement. (Doc. 47.) Plaintiffs appeared by and through their through counsel, Bradley Pistotnik of Affiliated Attorneys of Pistotnik Law Offices, Wichita, Kansas. Defendant, GuideOne Mutual Insurance Company, appeared by and through its counsel, Steven D. Marsh and Timothy J. Finnerty of Wallace, Saunders, Austin, Brown & Enochs, Chtd., Wichita, Kansas. Defendant, Vetter Health Services, Inc., appeared by and

through its counsel, Gregory S. Young of Hinkle Elkouri Law Firm L.L.C., Wichita, Kansas.  There are no other appearances.

WHEREUPON, the parties advise the Court of the settlement of this controversy has been reached and parties provide the Court with a copy of the Release and Confidentiality Agreement which they have executed effective February 11, 2008, but which they do not intend to file with the Clerk of the Court.  The parties now appear before the Court requesting the Court approve the terms of the Release and Confidentiality Agreement, as well as payment of costs and expenses and for apportionment of settlement.  All parties waive trial by jury and consent to this matter being presented to the Court without further notice, which notice is hereby waived.

WHEREUPON, the parties state to the Court that the contentions of the parties are as set forth in the pleadings on filed in this case and these pleadings outline the issues of fact and law between plaintiffs and defendants which would have been considered by the jury and Court in this matter.  The case involves both claims for negligence and for wrongful death.   All counsel proceed with statements and evidence regarding the issues of liability and damages and presented the proposed settlement to the Court.  The Court has considered the Affidavits from the four surviving children and only heirs to Bertha Rohlman, deceased which are attached as Exhibits B, C, D and E to Plaintiffs' Motion for Approval and Apportionment of Settlement.  (Doc. 47.)

THEREUPON, the Court, after reviewing the files and records herein, hearing the evidence presented and statements of counsel and being fully and duly advised in the premises, finds:

1.  The Court has proper jurisdiction and venue over the parties and subject matter of this action.  The parties have consented to the undersigned magistrate judge in this case.  (Doc. 45.)

2. All heirs of the deceased plaintiff have been notified and are aware of the proposed settlement agreement. All heirs request approval of the settlement and dismissal with prejudice of all claims. The Court takes notice of the Affidavits of all known heirs, waiver of notice and appearance, and request for approval of proposed settlement and distribution. The Court also notes the representations of Plaintiff as Special Administrator of the Estate of Bertha M. Rohlman that these four heirs are also the only persons entitled to recovery from the estate, either by law or by intestate succession. (Doc. 47 at ¶ 5.)

3. The Court finds that plaintiffs represent the immediately above referred to motion and in the settlement agreement that all outstanding liens, claims and/or subrogation interests will be satisfied by plaintiffs and, therefore, defendants shall have no further obligation to any other lien, claim or subrogation interests currently asserted or to be asserted in the future.

IT IS SO THEREFORE ORDERED, ADJUDGED AND DECREED:

A. The findings and facts stated above are hereby made orders of this Court;

B. The terms and conditions of the Release and Confidentiality Agreement are ordered by this Court to be carried out as part of the judgment and order;

C. Pursuant to the agreement of the heirs and the request for apportionment, the Court orders that each known heir shall receive 25% of the settlement proceeds, after satisfaction of reasonable litigation costs, satisfaction of all liens and attorney's fees.

D. The Court has reviewed Plaintiffs' agreement with counsel and the expenses incurred by counsel in the prosecution of this action (Doc. 47, Exhibit A) and finds that the fees and expenses are fair and reasonable and are hereby approved.

E. This action is hereby dismissed with prejudice; and,

F.     Each party shall be responsible for their own costs.

IT IS SO ORDERED.

          <u>  s/ DONALD W. BOSTWICK         </u>
          U.S. MAGISTRATE JUDGE

APPROVED BY:

AFFILIATED ATTORNEYS OF PISTOTNIK LAW OFFICES
2831 East Central
Wichita, Kansas 67214

By <u>   s/   Bradley A. Pistotnik                          </u>
  Bradley A. Pistotnik, #10626
  **Attorney for Plaintiffs**

HINKLE ELKOURI LAW FIRM L.L.C.
2000 Epic Center
301 N. Main
Wichita, Kansas 67202

By <u>   s/ Gregory S. Young                                </u>
  Gregory S. Young – #17139
  **Attorney for Defendant**
  **Vetter Health Services, Inc.**

WALLACE, SAUNDERS, AUSTIN, BROWN & ENOCHS, CHTD.
200 West Douglas, Suite 400
Wichita, Kansas 67202

By <u>   s/   Steven D. Marsh                                </u>
  Timothy J. Finnerty, #10946
  Steven D. Marsh, #12208
  **Attorney for Defendant**
  **GuideOne Mutual Insurance Company**